**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

JUDY SINGH,

    *Plaintiff,*

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    *Defendant.*

No. 4:24-cv-01644-JMD

## <u>ORDER GRANTING PRUDENTIAL'S MOTION FOR SUMMARY JUDGMENT</u>

Judy Singh worked for an employer who offered two kinds of life insurance: (1) insurance on the employee's own life and (2) insurance on the life of an employee's dependent. Singh selected a dependent insurance plan, naming her husband as her dependent. But after he died, her insurance company, Prudential Insurance, denied her claim for $508,200. As it turns out, Singh's husband was an employee of the same company as Singh and had his own employee insurance plan. That mattered because an employee insured through their own employee plan could not also be insured through another's dependent plan.

Singh sued Prudential, seeking a payout of $508,200 and equitable remedies that would provide similar relief. But because the plain text of the insurance policy made Singh's husband ineligible for Singh's plan, and because Prudential was not a fiduciary for purposes of determining eligibility, the Court grants Prudential's motion for summary judgment and denies Singh's motion for summary judgment.

### Background

Singh's employer, Ascension, sponsored an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Under the plan, an eligible employee could obtain life insurance on an employee's own life as well

1

as insurance on the life of that employee's dependent.  Prudential issued a group contract to Ascension to insure the plan's benefits, and Ascension paid Prudential regular bulk payments for all Ascension's employees enrolled in the relevant programs.

Singh and her husband were both eligible for the plan because they were Ascension employees.  Both chose employee life coverage.  Singh's husband had basic coverage for $27,000.  Singh similarly obtained coverage for employee life benefits, which became effective on January 1, 2021.  She also elected dependent insurance, listing her husband as her dependent.  From that date until her husband's accidental death on December 2, 2023, Singh paid all premiums required.

Plan documents established eligibility rules for both kinds of insurance plans.  To be "eligible to become insured for Dependents Insurance," an employee needed to, among other things, "have a Qualified Dependent."  ECF 81 at ¶ 13.  The plan stated: "For accident Coverage . . . Your spouse . . . is not your Qualified Dependent while . . . insured under the Group Contract as an Employee."  *Id.* at ¶ 14.

Prudential never reviewed Singh's election of dependent coverage before she submitted her claim for benefits.  In general, Prudential did not make eligibility determinations when an employee first elected coverage; Prudential had "no role or involvement in approving or denying an employee's enrollment in the plan."  *Id.* at ¶ 25.  It did not issue or receive the enrollment paperwork.  And the company neither "operate[d] Ascension's enrollment portal" nor permitted Ascension employees to make changes to their coverage "by accessing . . . any interface run or accessed by Prudential."  *Id.* at ¶¶ 19, 21.  As Singh admits, Prudential "did not make any decisions" about dependent coverage under the plan "until an employee filed a claim for dependent . . . benefits."  *Id.* at ¶ 27.  Ascension— not Prudential—operated the enrollment portal, and Ascension did not submit any enrollment paperwork to Prudential.

So Prudential "learned for the first time" that Singh had elected dependent coverage for her late husband "only when" she filed her claim for benefits. *Id.* at ¶ 49. After reviewing the record, Prudential denied the claim because it determined Singh's husband "was not a Qualified Dependent under the plan, as he was an Ascension employee at the time of his death." *Id.* at ¶ 53. After Prudential also denied Singh's appeal of the decision, Singh brought this lawsuit. She raises three counts: (1) Benefits Due; (2) Equitable Relief; and (3) Equitable Surcharge. She does not seek to recoup past premiums. Both parties moved for summary judgment.

## Analysis

Prudential is entitled to summary judgment on all three counts. The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Rule 56 "mandates the entry of summary judgment" against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because Singh seeks summary judgment "primarily on" counts II and III, and on count I only "in the alternative," ECF 84 at ¶ 5, the Court addresses her equitable arguments first.

## I.

Singh does not dispute that Prudential never made eligibility determinations when individuals attempted to enroll in the plan. Instead, Prudential made eligibility determinations only when deciding claims. It is this "design of Defendant's process"—checking eligibility only on the back end—that Singh challenges. ECF 80 at ¶ 14.

Because Singh's request for equitable relief concerns Prudential's decision not to determine eligibility at an earlier date, the critical question here is whether Prudential had a fiduciary duty with respect to the enrollment process, not just the claims-payout process.

To obtain equitable relief, Singh must establish that Prudential (1) was a fiduciary of the plan; (2) was acting in that capacity; and (3) breached a fiduciary duty. *Owens v. Life Ins. Co. of N. Am.*, No. 4:24-cv-00792-HEA, 2025 WL 1952487, at *4 (E.D. Mo. July 16, 2025) (citing *Braden v. Wal-Mart Stores, Inc.*, 558 F.3d 585, 595 (8th Cir. 2009)); *see generally CIGNA Corp. v. Amara*, 563 U.S. 421, 425 (2011) (stating that ERISA authorizes appropriate equitable relief for violations of the statute). Fiduciary status "is not an all or nothing concept" under ERISA; the Court instead "must ask whether an entity is a fiduciary with respect to the particular activity in question." *Skelton v. Radisson Hotel Bloomington*, 33 F.4th 968, 973 (8th Cir. 2022) (cleaned up and citation omitted). Here, the activity in question was determining eligibility when an employee first attempted to enroll in a plan, rather than when an employee issued a claim for payment.

Singh cannot succeed on the first element. "An insurer who is not the plan administrator has no ERISA fiduciary duty for a particular activity unless the policy documents or the insurer's past practices have created such an obligation." *Id.* (cleaned up). Singh identifies no text in the policy documents putting this duty on Prudential (rather than another party, like Ascension), and the record evidence reveals that Prudential had no past practice of acting as a fiduciary for the Ascension plan.[1] Singh concludes that Prudential

---

[1] Singh asks the Court to take judicial notice of an alleged April 2023 settlement between Prudential and the Federal Government. ECF 59. The document states that the Department of Labor believes that Prudential is a fiduciary, and the document purports to prohibit Prudential from denying coverage "solely on the basis that [evidence of insurability] for the employee or their eligible dependent was not submitted to or approved by Prudential." ECF 59-1 at 2. But in her summary judgment briefing, Singh never argues that this settlement is evidence of past practice of operating as a fiduciary with respect to enrollment, nor does she argue that the settlement covered Singh and that Prudential violated the settlement. She instead asks the Court to take notice only of the "existence" of this settlement. ECF 59 at 1; *see also* ECF 84 at 3 (arguing that the settlement provides "persuasive context" for how the Court might equitably refashion the insurance agreement). Moreover, in the document she attaches, Prudential declines to admit to being a fiduciary. ECF 59-1 at 2. Based on the

"acted as a fiduciary . . . in connection with enrollment, premium collection, and claims administration." ECF 45 at ¶ 38. But according to the plan documents provided to the Court, Prudential "conducted only back-end claims review, had no further document-assigned fiduciary role, and did not assume one through any acts," so Prudential "was not a fiduciary" for assessing eligibility at the time of enrollment. *Skelton*, 33 F.4th at 978.

It makes no difference that Singh paid premiums for several years, because an insurer does not "become a fiduciary merely by receiving premiums from an ineligible employee." *Id.* Singh admits Prudential "had no role or involvement in determining [whether the plan's] eligibility conditions were met until an employee filed a claim for dependent . . . benefits." ECF 81 at ¶ 31. She also admits Prudential neither made "any decisions" about dependent coverage nor had any role in "approving or denying an employee's enrollment." *Id.* at ¶¶ 25, 27. Prudential was not a fiduciary for the conduct Singh challenges, so she cannot obtain equitable relief.

To be clear, the Eighth Circuit has suggested that it can be a problem under ERISA when a plan administrator "maintain[s] a haphazard system of ships passing in the night" that makes it impossible or difficult to assess eligibility. *See Skelton*, 33 F.4th at 976 (stating that the fiduciary had a duty to "use a system that avoids the employer and insurer having different lists of eligible, enrolled participants"). But the principal question is *who* must avoid maintaining a haphazard system. Under binding precedent, the organization responsible for prudently administering the "eligibility and enrollment process" is the organization that has a fiduciary duty with respect to that process. *Id.* To prevail against a motion for summary judgment, Singh had the burden of producing evidence that could establish that Prudential

---

arguments Singh has chosen to present, the Court does not believe the document is pertinent at summary judgment, so the Court denies the motion as moot.

(rather than Ascension, or some other party) is the fiduciary.  She did not produce that evidence.

## II.

In Count I, Singh seeks "to recover benefits due" under the plan under 29 U.S.C. § 1132(a)(1)(B).  ECF 45 at 5–6.  But as explained above, the plan's plain language defeats Singh's legal claim for benefits.  ERISA's text "speaks of *enforcing* the terms of the plan, not of *changing* them."  *Amara*, 563 U.S. at 436 (finding "nothing suggesting that the provision authorizes a court to alter those terms"); *Admin. Comm. of Wal-Mart Stores, Inc. Assocs.' Health and Welfare Plan v. Shank*, 500 F.3d 834, 838 (8th Cir. 2007) ("[C]ourts are to enforce the plain language of an ERISA plan in accordance with its literal and natural meaning." (cleaned up)).  Singh states that she is "entitled to recover benefits due under the plan" because "all required premiums were paid through the date of death and the election remained subject to payroll deduction."  ECF 45 at ¶¶ 25, 28.  But no benefits were due.  As Prudential emphasizes, the plan "expressly *excluded* Ascension employees with [their own] coverage from being covered as dependents under the plan."  ECF 69 at 7; *see* ECF 81 at ¶ 14 ("For accident Coverage . . . Your spouse . . . is not your Qualified Dependent while . . . insured under the Group Contract as an Employee." (quoting Singh's plan with Ascension)).

The Court cannot go beyond the plan's text even if Singh lacked knowledge of these terms.  "Where the plan documentation makes participant and beneficiary rights and obligations clear," as here, "a plaintiff's claim for recovery of benefits inconsistent with the plan documentation necessarily fails."  *Erlitz v. Cracker Barrel Old Country Store, Inc.*, 416 F. Supp. 2d 711, 721 (E.D. Mo. 2006) (citing *Fink v. Union Cent. Life Ins. Co.*, 94 F.3d 489, 491 (8th Cir. 1996)).  And under Eighth Circuit precedent, where plan documents make "participant and beneficiary rights and obligations clear," an individual's

6

"understanding or intent" is "immaterial." *Erlitz*, 94 F. Supp. 2d at 722.  So Singh's first count still fails even though she elected her dependent coverage in good faith and never recognized that the plan barred the exact benefits she expected to receive.

Singh's response to Prudential's statement of uncontested facts could be read to suggest that her husband was *not* an Ascension employee and therefore *was* eligible to be a dependent under her plan.  Her husband was on short-term disability at the time of his death, and Singh says Ascension had discretion to consider him an employee or not an employee during that time.  ECF 81 ¶¶ 46, 52.  But in her summary judgment briefs, Singh never says that Ascension did exercise that discretion to consider him not an employee, nor does she otherwise develop an argument on the issue.  The Court thus deems uncontested Prudential's assertion that Singh's husband was in fact an employee and thus was ineligible to be named as a dependent.

## Conclusion

No doubt, it must be frustrating to pay premiums for years only to find out that the insurance plan was defective from the beginning.  But Prudential, as a non-fiduciary, is not liable.  This is "the run-of-the-mill case where the plan's assigned roles and an insurer's minimal interaction with a participant produce no fiduciary role" for Prudential.  *Skelton*, 33 F.4th at 975.  From this record, it appears that this "unfortunate situation resulted not from any fault of [Prudential], but [possibly] from the failure of [Singh's] employer to fulfill its obligations."  *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 62–63 (4th Cir. 1992).  Because Prudential was not a fiduciary here, Singh's equitable arguments cannot succeed.  And the plain language of the plan forecloses her other legal claims.  The Court **GRANTS** Prudential's motion for summary judgment, ECF 68, and **DENIES** Singh's motion for

7

summary judgment, ECF 60.  The Court also **DENIES** Singh's remaining motions, ECF 59

and ECF 63.

Dated this 26th day of June, 2026

_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI